OPINION
Appellant, Mahmoud Njada, appeals the January 7, 2000 judgement entry of the Niles Municipal Court in which he was found guilty of operating a motor vehicle while under the influence in violation of R.C. 4511.19(A)(1).
Appellant was stopped by Trooper Larry Skaggs on February 25, 1999, for a marked lanes violation. At a suppression hearing, held in two parts on July 19, 1999 and August 20, 1999, Trooper Skaggs testified that he was behind appellant, travelling eastbound on Route 422. Trooper Skaggs saw appellant's car swerve from the right lane two to three feet into the left lane, forcing another car in the left lane into the center area. Appellant's car then swerved back into the right lane and stopped.
Trooper Skaggs further testified that when he spoke to appellant regarding the marked lanes violation, he detected "a pretty strong odor of an alcoholic beverage on his breath" and "noticed that [appellant's] eyes were glassy and red." Trooper Skaggs proceeded to conduct two field sobriety tests: the horizontal gaze nystagmus test and the walk and turn test. He also wanted appellant to take the one leg stand test, but appellant refused. At that time, appellant was placed under arrest for D.U.I. Trooper Skaggs took appellant to the Niles Police Department where he administered a BAC machine test. The test results showed that appellant's blood alcohol content was .156.
At the suppression hearing, appellant contested the issue of whether Trooper Skaggs had probable cause to stop him, and on August 27, 1999, the trial court denied appellant's suppression motion. Thereafter, appellant entered a plea of no contest, and the trial court entered a finding of guilty.
Appellant has filed a timely appeal and raises two assignments of error:
 "[1.] The trial court erred in overruling [appellant's] motion to suppress the BAC results.
 "[2.] The [trial court's] conduct of the hearing was biased and prejudiced against [appellant]."
 In the first assignment of error, appellant contends that Trooper Skaggs did not have probable cause to stop him. We disagree.
This court noted in State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, at 2, 1996 WL 495076, that "a minor violation of a traffic regulation * * * that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation." See, also, State v. Carleton (Dec. 18, 1998), Geauga App. No. 97-G-2112, at 4, 1998 WL 964286. In the instant case, appellant's sudden change of lanes without signaling was sufficient for Trooper Skaggs to stop appellant for the purpose of issuing a traffic citation.
Once a vehicle has been stopped for a traffic offense, "* * * the officer may then proceed to investigate the detainee for driving under the influence if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts, such as where there are clear symptoms that the detainee is intoxicated." Yemma,supra, unreported at 3; Carleton, supra, unreported, at 4. When Trooper Skaggs spoke to appellant regarding his traffic violation, he detected a "pretty strong odor of an alcoholic beverage on his breath" and noticed that appellant's eyes were glassy and red.
Although Trooper Skaggs could not arrest appellant for a minor traffic violation, he had probable cause to stop appellant in order to issue him a citation. Upon speaking with appellant, Trooper Skaggs noted a strong odor of alcohol on appellant's breath and saw that his eyes were bloodshot. Therefore, he had reasonable suspicion to further detain appellant for field sobriety tests. Based upon appellant's performance in the course of these tests, Trooper Skaggs then had probable cause to arrest appellant.
Upon reviewing a motion to suppress, an appellate court is bound to accept the trial court's finding of fact if they are supported by competent, credible evidence. State v. Williams (1991), 86 Ohio App.3d 37,41. However, the appellate court must independently determine, as a matter of law, whether the applicable legal standard has been met. Id.
Based upon our review of the totality of the circumstances in this case, we hold that the trial court did not err in denying appellant's motion to suppress. For the foregoing reasons, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant contends that the following behavior on the part of the trial judge during the suppression hearing was prejudicial to him: (1) a comment made by the trial judge during appellant's counsel's examination of appellant with respect to his educational background; (2) the trial judge's questioning of appellant regarding his familiarity with Route 422; and (3) the trial court's comment "[j]ust tell me where it happened" in the course of Trooper Skaggs' rebuttal testimony.
With respect to appellant's first point, the only comment made by the trial judge in the portion of the transcript referred to by appellant that could be considered even remotely prejudicial was "[w]ell, I suppose he is trying to qualify him." Without further elaboration on the part of appellant as to how this statement was prejudicial to him, we find this comment to be harmless.
With respect to the second issue raised by appellant, the following exchange took place at the suppression hearing concerning how many times appellant had driven on Route 422:
 "THE COURT: How many? Don't get cute. How many times were you on 422, I think you know what he is driving at. If you have lived at Arlington Arms for over a year when this happened, how come you aren't familiar with this particular area?
 "ATTY. SOWINSKI: Your Honor, he is answering as truthfully as he possibly can.
 "THE COURT: Well, he's getting cute. He's saying a few times. How many times have you ever been to the mall?
"[APPELLANT]: I have been to the mall, Sir.
 "THE COURT: How many times have you been at the mall?
"[APPELLANT}: Probably three times.
 "THE COURT: Probably three times in the whole time that you have lived there?
"[APPELLANT]: That's right.
"THE COURT: Have you ever gone to Warren?
"[APPELLANT]: Probably once or twice.
"THE COURT: Did you go on 422?
"[APPELLANT]: Yes.
 "THE COURT: How many times, then? A few can be two. I can't believe that you lived there for a year and only have been on there two times.
"[APPELLANT]: No. I didn't say it was two.
 "THE COURT: You said a few. That doesn't answer the question. That leaves it wide open to me.
 "[APPELLANT]: Well, I really can't count how many times I was on 422.
"THE COURT: Well, okay."
 A trial judge has the right to question a witness so long as his questions are relevant and do not demonstrate bias. State v. Kay (1967), 12 Ohio App.2d 38, 48. The Supreme Court of Ohio set forth the following guidelines for determining whether a trial judge's remarks were prejudicial: "(1) The burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel." State v. Wade (1978), 53 Ohio St.2d 182, 188.
Based upon appellant's testimony in this case that he lived in the vicinity of Route 422, the trial judge questioned him with respect to his familiarity with that road. This issue was raised by appellant in the context of his testimony that he suddenly changed lanes without signaling because he had not realized that he was in a right-turn-only lane; therefore, the trial judge's questioning was relevant to determining appellant's familiarity with Route 422 in the vicinity of where he was stopped by Trooper Skaggs. Furthermore, the exchange took place during a suppression hearing. Consequently, no jurors, who could have been influenced by the judge's comments or questions, were present. Finally, the questions were asked during appellee's cross-examination of appellant; therefore, appellant's attorney was not impeded in presenting his case as a result of the questions. For the foregoing reasons, we hold that the trial judge's questioning of appellant was not prejudicial to appellant.
In his third point, appellant argues that the trial judge's statement to Trooper Skaggs "[j]ust tell me where it happened" was prejudicial. Without further elaboration on the part of appellant as to the prejudice caused by the trial judge's statement, we find it to be harmless. For the foregoing reasons, appellant's second assignment of error is not well-taken.
Appellant's assignments of error are without merit, and the judgment of the trial court is affirmed.
_____________________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
O'NEILL, P.J., NADER, J., concur.